UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAITAO LIU,<br><br>           Petitioner,<br><br>     v.<br><br> MARKWAYNE MULLIN, et al.,<br><br>           Respondents. | Case No.  26-cv-03788-RFL<br><br><br>**ORDER GRANTING PETITION FOR WRIT OF HEABEAS CORPUS** |

Petitioner filed a petition for writ of habeas corpus seeking immediate release or a bond hearing.  (Dkt. No. 1 (the "Petition").)  The government responded, acknowledging that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025)," and thus, the government does "not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (Dkt. No. 4.)  For the reasons stated below, the Petition is **GRANTED**.  Respondents shall ensure that Petitioner is provided with a bond hearing within 14 days.

## I.      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  "[T]he traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Because Petitioner is in custody and seeks release from custody, he has standing to pursue the Petition.

## II.    ANALYSIS

Petitioner is a citizen of the People's Republic of China.  (*See* Petition ¶ 20.)  He "entered the United States without inspection on or about April 10, 2026, at or near the United States-Mexico border."  (*See id.* ¶ 22.)  About a month later, he was detained without notice or a hearing, and he was transferred to the Imperial Regional Detention Facility in Calexico, California, where he presumably remained as of the filing of the Petition.  (*See id.* ¶ 4.)  He has since filed an application for asylum, withholding of removal, and protection under the Convention Against Torture based on his arrest, interrogation, and detention by the Chinese government.  (*See id.* ¶¶ 21, 23.)  "On June 17, 2026, Immigration Judge Stuart J. Zander denied Petitioner's request for a custody redetermination, holding that the Court was without jurisdiction to determine bond pursuant to" *In re Hurtado*, 29 I & N Dec. 216 (BIA 2025).  (*Id.* ¶ 29.)

The Central District of California certified a class of which it appears that Petitioner was initially a member.  *See Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1077-78 (C.D. Cal. 2025).  That case essentially overruled *In re Hurtado*.  *See id.* at 1080.  The Ninth Circuit has since stayed application of the class to any members outside the Central District of California.  *See Maldonado Bautista v. U.S. DHS*, No. 26-1044, Dkt. No. 5 (9th Cir. Mar. 6, 2026).  Although the Central District's decision in *Maldonado Bautista* is not binding on this Court, many courts in this district have agreed with its reasoning and have found that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. Section 1225.  *See*, *e.g.*, *Rodriguez v. LaRose*, No. 25-cv-02940-RBM, 2025 WL 3456475, at *4-5 (S.D. Cal. Dec. 2, 2025); *Gregorio v. LaRose*, No. 25-cv-03322-BAS, 2025 WL 3653998, at *2-4 (S.D. Cal. Dec. 17, 2025); *Cortez Garrido v. Mullin*, No. 26-cv-02800-LEK, 2026 WL 1375950, at *1-2 & n.2 (S.D. Cal. May 15, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936-37 (N.D. Cal. 2025).  Therefore, for the reasons stated in those decisions, the undersigned concludes that Petitioner is not subject to mandatory detention under Section 1225.

Petitioner also requests an award of attorneys' fees.  The Court will consider an

2

application for reasonable fees that is filed within 30 days of the entry of judgment. Accordingly, the request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

## III.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**.  Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. Section 1226(a) within 14 days of the filing of this Order.  Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. Section 1225(b)(2) requires mandatory detention.  If no bond hearing is held by **July 16, 2026**, Petitioner shall be released on **July 17, 2026**.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: July 2, 2026

RITA F. LIN
United States District Judge

3